## Hospital Pharmacies

ADAMS, Deputy Attorney General, December 9, 1945.
—This department is in receipt of your inquiry asking whether a pharmacy maintained by a hospital must comply with the pharmacy law, and be under the supervision of a registered pharmacist.

The Act of May 17, 1917, P. L. 208, 63 PS §291 et seq., regulates the practice of pharmacy, and the sale of poisons and drugs. Section 1 of said act, 63 PS §291, defines the term "pharmacy" as follows:

". . . (a) the term 'pharmacy', when not otherwise limited, shall, for all the purposes of this act, be taken to mean a retail drug-store, or any place where drugs, medicine, or poisons are compounded, dispensed, prepared, or sold at retail . . ."

You inform us that some hospitals operate drug stores where medicines are compounded for patients of the various clinics, as well as for lying-in patients. Some patients pay, while others are unable to do so, and are given medicine without any charge.

At the outset, it may be said that the business or profession of pharmacy, by reason of the peril to health or life in the community generally which may result from incompetence therein, is a legitimate field for

police regulation: See 17 Am. Jur., Drugs and Druggists, §7.

The Act of May 26, 1921, P. L. 1172, 63 PS §361 et seq., is a supplement to the Act of 1917, supra, and the first section thereof, 63 PS §361, reads as follows:

". . . no pharmacy, as defined by the act to which this is a supplement, shall be kept open for the transaction of business until it has been registered with and a permit therefor has been issued by the Pennsylvania Board of Pharmacy [now State Board of Pharmacy] . . ."

The Act of 1917, supra, contains a provision exempting a store or stores opened for the sale of proprietary or so-called patent medicines. Therefore, hospitals come within the purview of the Pharmacy Law, unless exempted by other laws.

An examination of the laws relative to hospitals reveals that there are no provisions generally exempting hospitals from the payment of license or permit fees. Our examination, however, does reveal that in specific instances hospitals have been exempted from the payment of fees, though in other respects they were subject to all the provisions of the laws. For example, the Act of May 1, 1929, P. L. 905, known as The Vehicle Code, 75 PS §331, exempts hospitals from the payment of a fee for a certificate of title or registration of a motor vehicle.

It seems reasonable, therefore, to conclude that if the General Assembly of Pennsylvania had intended to exempt hospitals from the payment of a permit or license fee it would have so provided as it did in the instance cited.

However, a question arises as to whether the charge of $2 for the permit is a tax or a license fee. If it is a tax, then a hospital is within the terms of those acts of assembly which exempt hospitals from taxation.

In 33 Am. Jur. 340, §19, it is said:

"A license imposition upon a business or occupation which is not one calling for police regulation is a revenue tax. However, a license enactment is a tax when, and only when, revenue is the main purpose for which it is imposed. In general, therefore, where the fee is imposed for the purpose of regulation, and the statute requires compliance with certain conditions in addition to the payment of the prescribed sum, such sum is a license proper, imposed by virtue of the police power; but where it is enacted solely for revenue purposes and its payment gives the right to carry on the business without any further conditions, it is a tax. In this respect, the amount of the license fee or tax is important and is to be considered in determining whether the exaction is one for regulation merely, or for revenue, the reason being that the amount of the fee might in some cases be so large as to suggest of itself, considering the character of the business to which it was applied, that it was in fact a tax for revenue. . . ."

Applying these principles of law to the situation under consideration, and calling attention to the fact that the permit fee is $2, it is our opinion that the permit fee is a license fee and not a tax, and consequently the hospital cannot claim the benefit of any tax exemption law.

This opinion is consistent with the opinion of this department rendered under date of July 18, 1913, to the Dairy and Food Commissioner, in which it was held that hospitals for the insane, penal and charitable institutions of the State, if operating a cold storage warehouse, are subject to the provisions of the Cold Storage Act of May 16, 1913, P. L. 216, which provides for the payment of a license of $50: 1913-1914 Op. Atty. Gen. 287.

We are therefore of the opinion, and you are accordingly advised, that hospitals must meet the requirements of the Act of May 17, 1917, P. L. 208, 63 PS

§291, and its supplement, the Act of May 26, 1921, P. L. 1172, 63 PS §361.